IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY L. ROBINSON,
    Plaintiff,

vs.                              Case No.:  3:05cv47/MCR/EMT

ESCAMBIA COUNTY JAIL,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10).  Leave to proceed in forma pauperis has been granted (Doc. 8).  After careful consideration, it is the opinion and recommendation of the undersigned that this action should be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.

    Plaintiff claims that Defendant Escambia County Jail ("Jail") violated his rights under the Constitution and the Florida constitution by exposing him to "an unhealthy environment," specifically, poor ventilation, fungus in the showers, insects, and exposure to inmates with contagious diseases (Doc. 10 at 7).

    Because Plaintiff is a prisoner seeking redress from officers or employees of a governmental entity, the court must review his complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  The court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Cornier, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all facts set forth in the complaint as true.  *See* Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint fails to state a claim only when it appears

beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See* Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Because the language of section 1915A tracks the language of Fed.R.Civ.P. 12(b)(6), Rule 12(b)(6) standards apply in determining whether a prisoner's claim is subject to dismissal under section 1915(e)(2)(B)(ii). *See* Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997).

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to all inmate suits about any aspect of prison life. *See* Booth v. Churner, 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, the court should dismiss a case if it determines that exhaustion has not been accomplished. *See* Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997). "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

The administrative grievances submitted by Plaintiff show the existence of a three-step grievance process at the Jail. First, an inmate may submit an Inmate Request/Refusal Form to an appropriate correctional officer (*see* Doc. 10, attachment). Second, an inmate may submit an Inmate Grievance to the shift supervisor (*see* Doc. 12, attachment). If an inmate is not satisfied with the result, he may appeal to the facility commander (*see* Doc. 15, attachment).

In the instant case, the grievances submitted by Plaintiff show that at the time of filing of the original complaint, he had not submitted a grievance to the shift supervisor or the facility commander (*see* attachments to Docs. 1, 10, 12, 15).[1] It is plainly evident that Plaintiff had not fully

---

[1] In light of Plaintiff's apparent failure to exhaust upon filing his original complaint (Doc. 1), this Court advised him of the exhaustion requirement and directed him to verify exhaustion of administrative remedies by submitting copies of any grievances submitted and administrative appeals taken in relation to his claim (*see* Doc. 9). Thereafter, Plaintiff

exhausted those administrative remedies available to him prior to filing this lawsuit, as required. The district court lacks discretion to resolve the claim on the merits, even if a prisoner has exhausted intraprison remedies before judgment. *See* Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534-535 (7th Cir. 1999); 42 U.S.C.A. § 1983. *See also* Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) (exhaustion is a precondition to suit). Therefore, this action must be dismissed without prejudice to Plaintiff's refiling it after exhaustion of his administrative remedies.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause of action be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), such dismissal being without prejudice to Plaintiff's refiling the action upon his exhaustion of all available administrative remedies.

At Pensacola, Florida, this 8th day of August 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

filed a grievance with the shift supervisor and appealed to the facility commander (*see* Docs. 9; attachments to Docs. 10, 12, 15).